UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ZEDDY SEALEY,

                              Plaintiff,

    -against-                                   9:22-CV-726 (LEK/CFH)

CORRECTION OFFICER
JOHN DOE #1, *et al.*,

                              Defendants.

**MEMORANDUM-DECISION AND ORDER**

**I.   INTRODUCTION**

Plaintiff Zeddy Sealey commenced this civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application for leave to proceed in forma pauperis ("IFP") on September 8, 2021. Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"). By Memorandum-Decision and Order dated August 9, 2022, this Court granted Plaintiff's IFP Application, and following review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), found that Plaintiff's Eighth Amendment claims against Corrections Officer John Doe #1 and Corrections Officer John Doe #2 survived sua sponte review and required a response. Dkt. No. 8 ("August 2022 Order"). Because service could not be effected on the "Doe" defendants, the Court directed the Clerk of the Court to send a copy of the Complaint and August 2022 Order to the New York State Attorney General's Office. Id. at 9–10. Pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the Court also ordered the New York State Attorney General's Office to try to ascertain the full names of the "Doe" defendants. Id. at 10.

II.     DISCUSSION

On September 1, 2022, the New York State Attorney General filed a letter wherein she provided the name of the corrections officers believed to be the "Doe" defendants. Dkt. No. 10 ("Status Report").

By Text Order dated September 8, 2022, Plaintiff was directed to review the Status Report and, to the extent he was able to do so, submit a proposed amended complaint within thirty (30) days, substituting the named defendants in place of the "Doe" defendants, and make any other corrections necessary. Dkt. No. 11 ("September 2022 Order").[2] Plaintiff was further advised that "his failure to timely comply with this Order may result in the dismissal of this action pursuant to Rules 4(m) and Rule 41(b) of the Federal Rules of Civil Procedure and Northern District of New York Local Rule 41.2(a)." Id.

Nearly ninety days have passed since the entry of the September 2022 Order, and Plaintiff has failed to submit a proposed amended complaint or seek an extension of time to do so. See generally Docket. Rule 41(b) provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute it, or to comply with the procedural rules or orders of the court. See Fed. R. Civ. P. 41(b); see also Link v. Wabash R.R. Co., 370 U.S. 626, 629–30 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action . . . because of his failure to prosecute cannot seriously be doubted.").[3] This power to dismiss may be

---

[2] The Clerk was directed to send Plaintiff a copy of his original complaint. See September 2022 Text Order.

[3] It is well-settled that the term "these rules" in Fed. R. Civ. P. 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court. See Tylicki v. Ryan, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

exercised when necessary to achieve orderly and expeditious disposition of cases. See Freeman v. Lundrigan, No. 95-CV-1190, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996).[4]

Because Plaintiff is proceeding pro se and recently changed his address, the Court will afford him a final opportunity to comply with the September 2022 Order or explain why he is unable to do so. In the event that Plaintiff fails to comply with this Memorandum-Decision and Order within thirty (30) days, Plaintiff is on notice that the Court will apply the aforementioned five-factor test for failure to prosecute, see LeSane, 239 F.3d at 209, and may dismiss Plaintiff's action without prejudice pursuant to Fed. R. Civ. P. 41(b) and L.R. 41.2(a) (stating that even "[i]n the absence of an order by the assigned judge or magistrate judge setting any date for any pretrial proceeding or for trial, the plaintiff's failure to take action for four (4) months shall be presumptive evidence of a lack of prosecution.").

### III.  CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff must, **within thirty (30) days** of the filing date of this Memorandum-Decision and Order, review the Status Report (Dkt. No. 10) filed by the New

---

[4] Although Rule 41(b) speaks only of a dismissal on a motion by a defendant, courts have recognized that the rule does not abrogate a district court's inherent power to dismiss a complaint, sua sponte, for failure to prosecute. See Saylor v. Bastedo, 623 F.2d 230, 238–39 (2d Cir. 1980). The correctness of a Rule 41(b) dismissal for failure to comply with an order of the court or the procedural rules of the court is determined in light of five factors: (1) the duration of the plaintiff's failure to comply with the court order (or the court's procedural rules); (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's right to due process and interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. See LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001).

York State Attorney General, and to the extent that he is able to, identify either or both of the previously unidentified defendants and submit to the Court an amended complaint substituting the named defendant(s) in place of the appropriate unidentified defendant;[5] and it is further

**ORDERED**, that in the event Plaintiff is unable to identify either of the defendants he intended to sue despite the Status Report, he must advise the Court within **thirty (30) days** of the date of this Memorandum-Decision and Order, and also advise the Court why he does not believe either of the individuals identified in the Status Report are defendants whom he intended to sue; and it is further

**ORDERED**, that in the event Plaintiff fails to timely comply with this Memorandum-Decision and Order, this action may be **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 41(b) and LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001); and it is further

**ORDERED**, that upon Plaintiff's compliance with this Memorandum-Decision and Order, the file shall be returned to the Court for further review; and it is further

**ORDERED**, that the Clerk shall serve a copy of this Memorandum-Decision and Order on Plaintiff, along with a copy of the Complaint and the Status Report.

**IT IS SO ORDERED.**

---

[5] In the event Plaintiff seeks to substitute one or more named defendants in place of the unnamed defendants without any further changes to the original complaint, Plaintiff may do so by handwriting the defendant's name in place of unnamed defendant in the appropriate locations throughout the original complaint. Once Plaintiff has made these changes, captioned the document as his amended complaint, and signed and dated the proposed amended complaint, he should submit it to the Court for review.

DATED: December 5, 2022
    Albany, New York

                 _____
                 LAWRENCE E. KAHN
                 United States District Judge