**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ZEDDY SEALEY,

                              Plaintiff,

         v.                                            9:22-CV-0726
                                                      (LEK/CFH)

CORRECTION OFFICER
JOHN DOE #1, et al.,

                              Defendants.

---

**APPEARANCES**:

ZEDDY SEALEY
Plaintiff, pro se
501 19th Street
Apt C
Niagara Falls, New York 14301

**CHRISTIAN F. HUMMEL**
**United States Magistrate Judge**

**DECISION AND ORDER**

**I.    INTRODUCTION**

Plaintiff Zeddy Sealey commenced this action by filing a pro se civil rights complaint asserting claims pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP").  Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application").[1] By Memorandum-Decision and Order filed on August 10, 2022, the Honorable Lawrence E. Kahn granted plaintiff's IFP Application, and following review of the complaint pursuant to 28

---

[1] Plaintiff's complaint was originally filed in the Western District of New York.  *See* Compl.  By Decision and Order entered on July 8, 2022, the Honorable Elizabeth A. Wolford ordered that this action be transferred to this District pursuant to 28 U.S.C. § 1406(a), or alternatively pursuant to § 1404(a).  Dkt. No. 6.  That same day, plaintiff's case was transferred to this District from the Western District of New York.  Dkt. No. 7.

U.S.C. § 1915(e)(2)(B), dismissed certain claims and found that plaintiff's Eighth Amendment claims against Corrections Officers John Doe #1 and John Doe #2 survived sua sponte review and required a response.  Dkt. No. 8 ("August 2022 Order").  Because service could not be effectuated on the "Doe" defendants, the Court also directed the Clerk of Court to send a copy of the complaint and the August 2022 Order to the New York State Attorney General's Office and requested that the New York State Attorney General's Office, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), attempt to ascertain the full names of the Doe defendants.  *Id*. at 9-11.

On September 1, 2022, the New York State Attorney General filed a letter wherein she provided the names of the corrections officers believed to be the "Doe" defendants. Dkt. No. 10 ("Status Report").  By Text Order dated September 8, 2022, plaintiff was directed to review the Status Report, and, to the extent he was able to do so, submit a proposed amended complaint within thirty (30) days, substituting the named defendants in place of the "Doe" defendants, and making any other corrections necessary.  Dkt. No. 11 ("September 2022 Order").  Plaintiff was further advised that "his failure to timely comply with this Order may result in the dismissal of this action pursuant to Rules 4(m) and Rule 41(b) of the Federal Rules of Civil Procedure and Northern District of New York Local Rule 41.2(a)."  *Id*.

After plaintiff failed to timely comply with the September 2022 Order, Judge Kahn issued a Memorandum-Decision and Order on December 6, 2022, affording plaintiff a final opportunity to comply with the September 2022 Order within thirty (30) days or explain why he is unable to do so.  Dkt. No. 12 ("December 2022 Order").

Presently before the Court is plaintiff's amended complaint, which was filed within thirty days of the December 2022 Order.  Dkt. No. 14 ("Am. Compl").

## II.   SUFFICIENCY OF THE AMENDED COMPLAINT

### A.   The Original Complaint and August 2022 Order

In his complaint, plaintiff asserted Section 1983 claims against the State of New York, the Commissioner of the New York State Department of Corrections and Community Supervision ("DOCCS"), the Superintendent of Cape Vincent Correctional Facility, and Corrections Officers John Doe #1 and John Doe #2 based on alleged wrongdoing that occurred during his transport in a DOCCS vehicle on September 18, 2018.  *See generally* Compl.  The complaint was construed to assert Eighth Amendment claims against each of the named defendants.  *See generally*, August 2022 Order.

After reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court dismissed plaintiff's Section 1983 claims against the State of New York, the Commissioner of DOCCS, and the Superintendent of Cape Vincent Correctional Facility, and found that his Section 1983 claims against John Doe #1 and John Doe #2 survived sua sponte review.  *See* August 2022 Order at 10-11.

### B.   Review of the Amended Complaint

Because plaintiff is proceeding in forma pauperis and is an inmate suing government employees, his proposed amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B).  The legal standard governing the review of a pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) was discussed at length in the August 2022 Order and it will not be restated in this Decision and Order.  *See* August 2022 Order at 2-3.

Plaintiff's amended complaint is identical to the original complaint, except that plaintiff has now identified Corrections Officers Lewis Seery and Kevin Kampnich as defendants in place of Corrections Officers John Doe #1 and John Doe #2.  *See* Am. Compl.

In light of the August 2022 Order, and mindful of the requirement to liberally construe pro se pleadings, *see, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the amended complaint alleges enough to warrant a responsive pleading from Corrections Officers Lewis Seery and Kevin Kampnich.  Accordingly, the amended complaint is accepted for filing and replaces the original complaint in its entirety.  In so ruling, the Court expresses no opinion as to whether plaintiff's Section 1983 claim can withstand a properly filed dispositive motion.

Since the amended complaint does not include any "Doe" defendants, the Clerk is directed to terminate Corrections Officers John Doe #1 and John Doe #2 from this action.[2]

## III.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint (Dkt. No. 14) is accepted for filing and will supersede and replace the original complaint as the operative pleading; and it is further

**ORDERED** that the Clerk shall add Corrections Officers Lewis Seery and Kevin Kampnich to the docket as defendants; and it is further

**ORDERED** that the Clerk shall **TERMINATE** John Doe #1 and John Doe #2 as defendants in this case; and it is further

**ORDERED** that plaintiff's Eighth Amendment claims against defendants Seery and Kampnich **SURVIVE** sua sponte review and require a response; and it is further

**ORDERED** that the Clerk shall issue summonses and forward them, along with two

---

[2]  Because the amended complaint is identical to the original complaint, with the exception of naming Corrections Officers Seery and Kampnich as defendants, and Judge Kahn previously dismissed plaintiff's Section 1983 claims against the State of New York, the Commissioner of DOCCS, and the Superintendent of Cape Vincent Correctional Facility, and terminated these parties as defendants, these claims and defendants are no longer a part of this proceeding.

4

copies of the amended complaint, to the United States Marshal for service on defendants Seery and Kampnich.[3]  The Clerk shall forward a copy of the summons and amended complaint to the Office of the New York State Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED** that upon the completion of service, a response to the amended complaint be filed by defendants Seery and Kampnich, or their counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court.  Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so may result in the dismissal of this action; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated:  March 23, 2023
          Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[3]  The Court previously granted plaintiff leave to proceed with this action *in forma pauperis*.  *See* August 2022 Order.