**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

ZEDDY SEALEY,

                Plaintiff,

    v.

LEWIS SEERY, et al.,

               Defendants.

No. 9:22-CV-726
(LEK/CFH)

---

**APPEARANCES:**

ZEDDY SEALEY
501 19th Street
Apartment C
Niagara Falls, New York 14301
Plaintiff pro se

Attorney General for the
State of New York
The Capitol
Albany, New York 12224
Attorney for defendants

**OF COUNSEL:**

AMANDA K. KURYLUK, ESQ.
Assistant Attorney General

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

# REPORT-RECOMMENDATION AND ORDER[1]

    Plaintiff pro se Zeddy Sealey ("plaintiff"), who was at all relevant times in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983, alleging that defendants Correctional Officer ("C.O.") Lewis Seery and C.O. Kevin Kampnich (collectively

---

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

"defendants")[2] violated his constitutional rights under the Eighth Amendment. See Dkt. No. 14 ("Am. Compl."); see also Dkt. No. 15 at 4.[3] Presently before the Court is defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). See Dkt. No. 26. Plaintiff filed a response. See Dkt. No. 29. For the following reasons, it is recommended that defendants' motion be granted.

## I. Factual Background

The facts are related herein in the light most favorable to plaintiff as the non-moving party. See Section II infra. On September 18, 2018, plaintiff was incarcerated at Cape Vincent Correctional Facility ("Cape Vincent C.F."), and "scheduled to be released on parole on a sex offense conviction." Am. Compl. at 5. At some point that day, a "DOCCS vehicle" transported plaintiff to a criminal court proceeding, where he was to be "processed for release on parole[.]" Id. The two defendants were present for the transport, "along with approximately six other inmates[.]" Id. While in the vehicle, plaintiff "was put in handcuffs, shackles[,] and waistchains[,] but no seatbelt or other means to brace [himself] or prevent being thrown or injured during the transporting." Id.

At some point during the transport, the vehicle "was driving at a high speed" and "struck a deer that was crossing the street." Am. Compl. at 5. Upon impact, plaintiff "was violently thrown inside the vehicle to the front seat and then [ ] to the back seat during the collision." Id. As a result of the collision, plaintiff suffered an injury to his

---

[2] Plaintiff initially brought this action against additional defendants, the State of New York, the Commissioner of DOCCS, and the Superintendent of Cape Vincent Correctional Facility. See Dkt. No.1 ("Compl."). However, following the Court's initial review of the complaint pursuant to 28 U.S.C. § 1915A, the Court dismissed the claims against the State of New York with prejudice and dismissed the claims against the Commissioner of DOCCS and the Superintendent of Cape Vincent Correctional Facility without prejudice. See Dkt. No. 8.
[3] Citations are to the pagination generated by CM/ECF located in the header of each page.

right hip, which required surgery.  See id.  Plaintiff "now walk[s] with a walking cane" and continues to experience "severe physical and mental pain[.]"  Id.

As of September 18, 2018, "[i]t was the police and practive [sic] of [DOCCS] to transport prisoners without using seatbelts which could have prevented [plaintiff's] injury."  Am. Compl. at 5.

## II. Motion to Dismiss Standard

Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint for a plaintiff's "failure to state a claim upon which relief can be granted."  When considering such a motion, a court must "construe plaintiff['s] complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in plaintiff['s] favor."  Selevan v. N.Y. Thruway Auth., 584 F.3d 82, 88 (2d Cir. 2009) (quoting Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009)) (internal quotation marks omitted).  However, this "tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009)) (internal quotation marks and alterations omitted).

Accordingly, to survive a motion to dismiss, a complaint must state a claim for relief that is "'plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (explaining that the plausibility test "does not impose a probability requirement . . . it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct].")); see also Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009) (holding that "[o]n a motion to dismiss, courts

3

require enough facts to state a claim to relief that is plausible . . . .") (internal quotation marks and citation omitted).  Determining whether plausibility exists is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.

Where, as here, a party seeks judgment against a pro se litigant, a court must afford the non-movant special solicitude.  See Treistman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006).  As the Second Circuit stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to special solicitude, that a pro se litigant's submissions must be construed liberally, and that such submissions must be read to raise the strongest arguments that they suggest.  At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations, or arguments that the submissions themselves do not suggest, that we should not excuse frivolous or vexatious filings by pro se litigants, and that pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law . . . .

Id. (internal quotation marks, citations, and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds pro se, . . . a court is obligated to construe his pleadings liberally." (internal quotation marks and citations omitted)).

### III. Discussion

Plaintiff alleges that defendants violated his rights under the Eighth Amendment through their deliberate indifference to his safety.  See Am. Compl. at 4-5; see also Dkt. No. 29 at 2.  Defendants move to dismiss plaintiff's complaint because "[p]laintiff failed

to properly allege that Defendants acted with" a sufficiently culpable state of mind. Dkt. No. 26-1 at 5. In opposition, plaintiff argues that "his [c]omplaint adequately states an Eighth Amendment claim[.]" See Dkt. No. 29 at 2, ¶ 5.

"The Eighth Amendment's prohibition against cruel and unusual punishment requires prison conditions to be 'humane,' though not necessarily 'comfortable.'" Jabbar v. Fischer, 683 F.3d 54, 57 (2d Cir. 2012) (quoting Gaston v. Coughlin, 249 F.3d 156, 164 (2d Cir. 2001) and citing U.S. CONST. amend. VIII (additional citations omitted)). To adequately allege an Eighth Amendment violation, a plaintiff must show "(1) a deprivation that is 'objectively, sufficiently serious' that he was denied 'the minimal civilized measure of life's necessities,' and (2) a 'sufficiently culpable state of mind' on the part of the defendant official, such as deliberate indifference to inmate health or safety." Gaston, 249 F.3d at 164 (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)).

As to the objective element, "there is no static test" to determine whether a deprivation is sufficiently serious; "[t]he conditions themselves must be evaluated in light of contemporary standards of decency." Blissett v. Coughlin, 66 F.3d 531, 537 (2d Cir. 1995) (citing Rhodes v. Chapman, 452 U.S. 337, 346 (1981)). When the "claim [is] based on a failure to prevent harm [or provide safety], the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Farmer, 511 U.S. at 834 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)).

As to the subjective element, an inmate must show that the defendants had a "sufficiently culpable state of mind"; that is, they "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety[.]" Farmer, 511 U.S. at 834, 837 (internal

quotation marks and citations omitted). Thus, "deliberate indifference requires 'more than mere negligence.'" Jabbar, 683 F.3d at 57 (quoting Farmer, 511 U.S. at 835). Rather, the subjective element requires that the inmate show that defendants acted with "a mental state equivalent to subjective recklessness, as the term is used in criminal law." Salahuddin v. Goord, 467 F.3d 263, 280 (2d Cir. 2006) (citing Farmer, 511 U.S. at 839-40).

Here, plaintiff alleges that defendants acted with deliberate indifference to his safety in violation of his Eighth Amendment rights by "fail[ing] to employ use of seatbelts or airbags . . . while operating the vehicle at a high speed[.]" Am. Compl. at 4. The United States Court of Appeals for the Second Circuit has held that the absence of seatbelts on inmate bus transports, "when based on legitimate penological concerns rather than an intent to punish, is reasonable" and does not, in itself, constitute a denial of "reasonable safety" in violation of the Eighth Amendment. Jabbar, 683 F.3d at 58. In Jabbar, the plaintiff was transported on a correctional facility "hub bus" that did not have seatbelts for inmate passengers. Id. at 56. The plaintiff was "shackled from his wrists to his ankles." Id. While in transit, "[t]he bus made a forceful turn and [the plaintiff], who had fallen asleep, was thrown from his seat." Id. The plaintiff sustained injuries and subsequently filed a complaint, alleging that the prison officials violated his Eighth Amendment rights. See id. The Court determined that the plaintiff's claim failed to satisfy both prongs of the deliberate indifference analysis:

> First, as for the Eighth Amendment's objective requirement, the failure to provide a seatbelt is not, in itself, 'sufficiently serious' to constitute an Eighth Amendment violation. . . .
>
> Second, as for the Eighth Amendment's subjective requirement, because the absence of seatbelts on inmate

6

>           bus transport is itself not an excessive risk, without more,
>           'deliberate indifference'—that is, that defendants knew of,
>           and disregarded, an excessive risk to inmate safety—cannot
>           be plausibly alleged.

Id. at 58-59 (citing Gaston, 249 F.3d at 164 and Farmer, 511 U.S. at 837 (additional citations omitted)).  The Court, therefore, affirmed the dismissal of the plaintiff's claim.  See id.

   Similarly, in Carrasquillo v. City of New York, the inmate plaintiff brought a deliberate indifference claim after he was injured in a bus accident.  324 F. Supp. 2d 428, 434 (S.D.N.Y. 2004).  The plaintiff, who "was handcuffed and was not provided with a seatbelt," alleged that the bus driver's conduct gave rise to a constitutional violation because the driver "was traveling at an excessive [rate of] speed . . . despite icy conditions."  Id.  The United States District Court for the Southern District of New York concluded that the alleged conduct did not amount to deliberate indifference and dismissed the plaintiff's claim, holding that (1) "neither the Constitution, nor any federal statute guarantees a prisoner's right to non-negligent driving by government employees"; (2) "[a]llegations of a public official driving too fast for the road conditions are grounded in negligence"; and (3) "[the] failure to provide seatbelts to prisoners is not a constitutional violation. . . ."  Id. at 436-37 (internal quotation marks and citation omitted); see also Liverpool v. City of New York, No. 20-CV-4629 (LLS), 2020 WL 3972737, at *3 (S.D.N.Y. July 13, 2020) (dismissing complaint following § 1915 review because the "[p]laintiff's allegations that the correction officer driving the transport van accelerated too much . . . sound in negligence").[4]

---

[4] All unpublished decisions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

Conversely, "courts have recognized that in certain circumstances, the lack of seatbelts combined with both reckless driving by the prison official and other additional facts, may establish sufficient factual allegations to withstand a motion to dismiss." Johnson v. Lee, No. 9:21-CV-335 (TJM/DJS), 2022 WL 1129856, at *2 (N.D.N.Y. Jan. 7, 2022), report and recommendation adopted, 2022 WL 872301 (N.D.N.Y. Mar. 24, 2022) (citing Cuffee v. City of New York, No. 15-CV-8916 (PGG) (DF), 2017 WL 123273, at *7 (S.D.N.Y. Mar. 3, 2017), report and recommendation adopted, 2017 WL 1134768 (S.D.N.Y. Mar. 27, 2017)). "Where the facts, taken as a whole, suggest that [the] plaintiff was exposed to conditions that posed an unreasonable risk of serious harm, and [the] defendants were aware of those conditions, a claim may be sufficiently stated." Id.

One such case is Cuffee v. City of New York, which plaintiff and defendants cite. See Cuffee, 2017 WL 123273, at *7; see also Dkt. Nos. 26-1 at 6-7, 29 at 1. There, the plaintiff alleged that (1) he was not provided a seatbelt; (2) the C.O. drove recklessly by "pull[ing] out into traffic . . . at an unusually high rate of speed"; (3) he was "'handcuffed and shackled at the waist[,] and confined in a steel, locked cage approximately [three-and-a-half] feet wide,' while the bus was moving"; and (4) the C.O. was aware of the conditions of his transport, as the plaintiff was seated directly behind the driver. Cuffee, 2017 WL 123273, at *7-8. The court determined that it was it plausible that the plaintiff's allegations could rise to the level of deliberate indifference; and, thus, denied the motion to dismiss. See id. at *8. The court explained,

> In particular, Officer Gonzalez's alleged act of driving
> recklessly, while Plaintiff was confined in a cage without any
> reasonable means to protect himself from impact, would
> satisfy the objective prong of the deliberate-indifference test.

8

> Moreover, given that Officer Gonzalez was the driver of the bus and that Plaintiff was seated right behind him, it is reasonable to infer that Officer Gonzalez was either actually aware of the excessive risk to Plaintiff's safety or that the risk was obvious, thereby satisfying the subjective prong of the test, under either the Eighth or 14th Amendments.

Id. Similarly, in Johnson v. Lee, the court denied the defendants' motion to dismiss an inmate's Eighth Amendment deliberate indifference claim that was based on an alleged disregard of inmate safety while onboard a prison transport van. See Johnson, 2022 WL 1129856, at *2-3. The court held that the plaintiff "alleged a combination of facts that, taken as a whole, seem to suggest both that he may have been exposed to conditions posing an unreasonable risk of harm to his personal safety, and that [the defendants] were in fact aware of the risk." Id. at *2.

Here, plaintiff states that defendants "acted negligently and with recklessness by driving the vehicle at a high speed," "slamming on the breaks [sic]," "and striking a deer[.]" Am. Compl. at 4. He contends that, "[h]ad a lower speed been employed[, the collision with the deer] could have been prevented." Id. at 5. He further contends that, although "[i]t was the policy and practive [sic]" of DOCCS officials to "transport prisoners without using seatbelts," a seatbelt "could have prevented [his] injury." Id.

First, plaintiff fails to allege facts showing that he suffered an objectively, sufficiently serious constitutional deprivation. See Jabbar, 683 F.3d at 58 ("A bus seatbelt is not a life necessity.") (internal quotation marks, citations, and alterations omitted). Plaintiff has alleged no facts beyond the absence of seatbelts and "driving at a high speed" that would suggest that he was exposed to conditions posing an unreasonable risk of serious harm. See Am. Compl. at 4; see also Carrasquillo, 324 F. Supp. 2d at 436-38; cf. Steele v. Ayotte, 3:17-CV-1370 (CSH), 2018 WL 731796, at *9-10 (D. Conn. Feb. 6,

9

2018) (finding objective prong satisfied where the inmate plaintiff alleged that he was transported, without a seatbelt, "by officers who were willfully engaged in distracting cell phone usage throughout the trip").  Further, plaintiff does not allege that defendants had an intent to punish or other improper motivation for the lack of seatbelts in the vehicle or the speeding.  See Jabbar, 683 F.3d at 58-59 ("[the plaintiff] did not allege that there was any . . . improper motivation for the lack of inmate seatbelts on the [bus], and we cannot reasonably infer such intent.").

This case is plainly distinguishable from Johnson.  See Johnson, 2022 WL 1129856, at *2.  There, the plaintiff alleged a clear improper motive.  See id.  The plaintiff contended that the defendant "sped up and slammed on the brakes twice, while looking in the rearview mirror" as the plaintiff and other passengers, who did not have seatbelts, were falling out of their seats, complaining of injuries, and requesting medical treatment.  Id. at *2-3.  Thus, the court determined that these allegations were sufficient to meet the objective prong of an Eighth Amendment claim.  Id. at *2.  Unlike in Johnson, plaintiff here has not alleged facts sufficient to satisfy the objective requirement.  See id. at *2-3; see generally Am. Compl.

Second, even assuming, arguendo, plaintiff's allegations satisfy the objective prong of the deliberate indifference analysis, plaintiff has failed to allege that defendants knew of, and disregarded, an excessive risk to his safety in satisfaction of the subjective prong.  Unlike in Cuffee,[5] plaintiff does not explicitly allege that defendants were actually

---

[5] As noted above, the plaintiff in Cuffee "alleged that the [c]orrection [o]fficer [d]efendants were aware of the [dangerous] conditions of his transport[.]" Cuffee, 2017 WL 123273, at *8; cf. Reynolds v. Semple, No. 3:19-CV-1226 (KAD), 2019 WL 5394675, at *4 (D. Conn. Oct. 22, 2019) ("[allegations] that [the defendant] should have known that his conduct, coupled with the lack of hand-holds in the van, subjected [the plaintiff] to an excessive risk to his safety . . . is not sufficient to state a claim that [the defendant] consciously disregarded an excessive risk of harm to [the plaintiff]'s health or safety").

aware that their conduct created an excessive risk to his health and safety.  See Cuffee, 2017 WL 123273, at *7.  Plaintiff asserts only that defendants "were present" in the vehicle, which did not have seatbelts for the inmate passengers, and were reckless because "while driving at a high speed[,]" defendants "struck a deer[.]"  Am. Compl. at 5; compare Gamble v. Doe, No. 18-CV-3169 (KAM), 2018 WL 6250626, at *3 (E.D.N.Y. Nov. 29, 2018) (dismissing on § 1915 review the inmate plaintiff's deliberate indifference claim because the allegation that the defendants were talking to each other rather than paying attention to the road was "mere negligence"), and Lynch v. Jane Doe Corr. Officer Blue, No. 14-CV-6919 (VB), 2016 WL 5875098, at *3 (S.D.N.Y. Oct. 7, 2016) (allegations that the defendant was driving above the speed limit and swerving on icy roads were insufficient to support an inference of deliberate disregard for the plaintiff's safety), with Torres v. Amato, 22 F. Supp. 3d 166, 176 (N.D.N.Y. 2014) (denying summary judgment where the plaintiff, administrator of a pretrial detainee's estate, demonstrated that the defendants failed to provide the pretrial detainee with a seatbelt, failed to latch the van's door properly, operated the van recklessly and at unsafe speeds with knowledge that the pretrial detainee was not restrained, and were aware of an earlier incident in which another inmate was injured while not wearing a seatbelt).  Without more, plaintiff has not satisfied the subjective component.  In sum, as plaintiff's allegations sound only in negligence, the undersigned recommends granting defendants' motion to dismiss.

### IV.  Leave to Amend

"As a general matter, the district court has discretion whether or not to grant leave to amend, and its decision is not subject to review on appeal except for abuse of

discretion." Elleby v. Martucello, No. 9:16-CV-1335 (MAD/DEP), 2018 WL 3769965, at *4 (N.D.N.Y. Aug. 9, 2018) (quotation marks omitted) (quoting Shomo v. New York, 374 F. App'x 180, 182 (2d Cir. 2010) (summary order)). "Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000) (citations and quotation marks omitted). "A *pro se* complaint should not [be] dismiss[ed] without [the Court] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."[6] Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (citation and quotation marks omitted). "However, 'leave to amend a complaint may be denied when amendment would be futile.'" Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014) (quoting Tocker v. Philip Morris Cos., 470 F.3d 481, 491 (2d Cir. 2006)).

Here, plaintiff does not seek leave to amend. However, in deference to his pro se status, and because a more detailed pleading could potentially cure the defects identified, the undersigned recommends dismissing the claims underlying the motion to dismiss without prejudice and with leave to amend. See Levinson v. United States Fed. Bureau of Prisons, Metro. Corr. Ctr. - New York, 594 F. Supp. 3d 559, 567 (S.D.N.Y. 2022) ("[W]hen a motion to dismiss is granted, the usual practice is to dismiss the claims without prejudice and grant plaintiff leave to amend the complaint.").

## V. Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby:

---

[6] Plaintiff has been given an opportunity to amend earlier in this case. See Dkt. No. 8.

**RECOMMENDED**, that the motion to dismiss (Dkt. No. 26-1) be **GRANTED**; and it is further

**RECOMMENDED**, that plaintiff's Eighth Amendment deliberate indifference claim be **DISMISSED without prejudice and with leave to amend**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on all parties in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 6(a), 6(e), 72.[7]

Dated: October 24, 2023
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[7] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. See Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. See id. § 6(a)(1)(C).