UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ZEDDY SEALEY,

                              Plaintiff,

    -against-                                              9:22-CV-726 (LEK/CFH)

LEWIS SEERY, *et al.*,

                              Defendants.

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

Plaintiff Zeddy Sealey brings this pro se action pursuant to 42 U.S.C. § 1983 against Correctional Officers Lewis Seery ("Seery") and Kevin Kampnich ("Kampnich") (collectively, "Defendants"). Plaintiff alleges that Defendants violated his rights under the Eighth Amendment during his time in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). See Dkt. No. 14 ("Amended Complaint") at 3–6.

In a Memorandum-Decision and Order issued August 10, 2022, this Court dismissed Plaintiff's claims against the State of New York as barred by the Eleventh Amendment. See Dkt. No. 8 at 6. The Court also dismissed Plaintiff's claims against the Commissioner of DOCCS and the Superintendent of Cape Vincent Correctional Facility for failure to allege personal involvement of these officials in the asserted constitutional violations. See id. at 7–8. However, the Court allowed Plaintiff's claims against Seery and Kampnich to proceed. See id. at 8–9. The Court also allowed Plaintiff to proceed *in forma pauperis*. See id. at 1–2.

On August 8, 2023, Defendants filed a motion to dismiss Plaintiff's claims against Seery and Kampnich. Dkt. No. 26 ("Motion to Dismiss"). On October 24, 2023, the Honorable Christian F. Hummel, Magistrate Judge, issued a Report-Recommendation and Order in which

he recommended that the Motion to Dismiss be granted. Dkt. No. 32 ("Report and Recommendation").

No party has filed objections to the Report and Recommendation. For the reasons that follow, the Court adopts the Report and Recommendation in its entirety.

## II.   BACKGROUND

The Court assumes familiarity with Judge Hummel's Report and Recommendation, as well as with Plaintiff's factual allegations as detailed therein. See id. at 2–3.

Plaintiffs claims arise out of an injury that he suffered while being transported by DOCCS to a court proceeding, at which he was due to be "processed for release on parole." Id. at 2 (quoting Am. Compl. at 5). Plaintiff alleges that he was not provided with a seatbelt "or other means to brace [himself] or prevent being thrown or injured during the transporting;" instead, he "was put in handcuffs, shackles[,] and waistchains." Id. (quoting Am. Compl. at 5). During transit, the vehicle "struck a deer that was crossing the street," and Plaintiff "was violently thrown inside the vehicle to the front seat and then [ ] to the back seat." Id. (quoting Am. Compl. at 5). Plaintiff alleges that he "suffered an injury to his right hip, which required surgery." Id. Plaintiff "now walk[s] with a walking cane" and experiences ongoing "severe physical and mental pain." Id. at 3 (quoting Am. Compl. at 5).

In his Report and Recommendation, Judge Hummel recommended dismissal because "the Second Circuit has held that the absence of seatbelts on inmate bus transports, 'when based on legitimate penological concerns rather than an intent to punish, is reasonable' and does not, in itself, constitute a denial of 'reasonable safety' in violation of the Eighth Amendment." Id. at 6 (quoting Jabbar v. Fischer, 683 F.3d 54, 58 (2d Cir. 2012)); see also id. at 7 (collecting cases). Accordingly, Judge Hummel found that Plaintiff has failed to allege either (1) "an objectively,

sufficiently serious constitutional deprivation," or (2) "that [D]efendants knew of, and disregarded, an excessive risk to his safety." Id. at 9–11. Instead, Judge Hummel found that Plaintiff's allegations "sound only in negligence," which is insufficient to support an Eighth Amendment deliberate indifference claim. Id. at 11.

Although Plaintiff does not seek leave to amend and did not object to the Report and Recommendation, Judge Hummel recommends that Plaintiff be granted leave to amend "in deference to his pro se status." Id. at 12.

**III.   STANDARD OF REVIEW**

"Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of the court." 28 U.S.C. § 636(b)(1)(C); see also L.R. 72.1. However, if no objections are made, a district court need only review a report and recommendation for clear error. See DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record."). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." Rivera v. Fed. Bureau of Prisons, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019). Additionally, a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance. See Hubbard v. Kelley, 752 F. Supp. 2d 311, 312–13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." (internal quotation marks omitted)). Upon review, a

court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## IV. DISCUSSION

No party objected to the Report and Recommendation "[w]ithin fourteen days after being served with a copy" of it. Id. Accordingly, the Court reviews the Report and Recommendation for clear error. Having found none, the Court approves and adopts the Report and Recommendation in its entirety.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation (Dkt. No. 32) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendants' Motion to Dismiss (Dkt. No. 26) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Amended Complaint (Dkt. No. 14) is **DISMISSED without prejudice**. If Plaintiff wishes to file a second amended complaint, he must do so within **forty-five (45) days** of this Memorandum-Decision and Order; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   November 21, 2023
         Albany, New York

LAWRENCE E. KAHN
United States District Judge